IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Washington Marine, LLC, | : | |
| | : | Case No. 1:24-cv-505 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Partial Motion to Dismiss |
| Peter F. Kunz, M.D., | : | and Order to Remand |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Partial Motion to Dismiss Plaintiff's Claims for Conversion and Civil Theft. (Doc. 1-3 at PageID 22–28.) Plaintiff filed a Response in opposition, to which Defendant filed a Reply. (Doc. 1-2; Doc. 1-3 at PageID 55–60.) For the reasons that follow, the Court will **GRANT** the Partial Motion to Dismiss and **DISMISS** Plaintiff's conversion and civil theft claims. The Court also will **ORDER** the Clerk of Court to **REMAND** this action to the Hamilton County, Ohio Court of Common Pleas.

I.  **BACKGROUND**

Plaintiff Washington Marine, LLC filed a Complaint against Defendant Peter F. Kunz, M.D., on June 19, 2024 in the Hamilton County, Ohio Court of Common Pleas. (Doc. 4.) Washington Marine asserted claims for breach of contract, conversion, and civil theft against Dr. Kunz arising from his failure to pay the company for its repair of his boat, including the installation of parts and storage of the boat. (Doc. 4 at PageID 91.) Washington Marine attached an invoice for payment for parts and labor in the amount of $33,180.39. (*Id.* at PageID 93–95.)

In response to the Complaint, Dr. Kunz filed the pending Partial Motion to Dismiss. (Doc. 1-3 at PageID PageID 22–38.) He moved to dismiss Washington Marine's conversion and civil theft claims only. (Doc. 1-3 at PageID PageID 22–35.) Dr. Kunz also filed an Amended

Answer and Amended Counterclaim, including a counterclaim for breach of contract against Washington Marine. (Doc. 6 at PageID 105–110.) Finally, he removed the action to this District Court. (Doc. 1.) Dr. Kunz asserted that diversity jurisdiction existed because Washington Marine stated in its Response to the Partial Motion to Dismiss that he was liable for treble damages under the civil theft statute, Ohio Revised Code § 2307.61, in the amount of $99,541.17. (Doc. 1 at PageID 2–3; Doc. 1-2 at PageID 17–18.)

## II.    MOTION TO DISMISS

### A.    Standard of Law

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts do not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

### B.    Analysis

Dr. Kunz moved to dismiss the conversion and civil theft claims asserted by Washington Marine because Washington Marine did not allege a breach of a duty or damages separate from those that arose from the breach of contract. The existence of a contract between the parties for

Washington Marine to perform repairs upon Dr. Kunz's boat is not disputed; the parties dispute only which of them breached that contract. (Doc. 4 at PageID 91; Doc. 6 at PageID 105–107.) Washington Marine's conversion and civil theft claims are based on the same facts as its breach of contract claim. It asserts in all three claims that Dr. Kunz took possession of his boat after Washington Marine completed repairs, and then Dr. Kunz stopped payment for the repair parts and labor. (Doc. 4 at PageID 91.)

In Ohio, "the existence of a contract action generally excludes the opportunity to present the same case as a tort claim." *Wolfe v. Cont'l Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981); *see also Pham Constr. & Co., LLC v. Tran*, 236 N.E.3d 849, 857, 2024-Ohio-634 (Ohio App. 5th Dist. 2024) (same). "A tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Pham Constr.*, 236 N.E.3d at 857 (citation omitted). Also, a plaintiff must prove "actual damages attributable to the wrongful acts of the alleged tortfeasor which are *in addition* to those attributable to the breach of the contract." *Hilsinger Bldg. & Dev. Corp. v. Terracon Consultants, Inc.*, No. 1:18-CV-900, 2019 WL 4601774, at *6 (S.D. Ohio Sept. 23, 2019).

Specifically, "[a] conversion claim cannot be based upon property rights that arise entirely from contractual rights." *Highman v. Gulfport Energy Corp.*, No. 2:20-CV-1056, 2020 WL 6204344, at *4 (S.D. Ohio Oct. 22, 2020); *see also Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-292, 2011 WL 2181813, at *18 (S.D. Ohio June 3, 2011) ("[C]laims for conversion cannot ordinarily be predicated on a refusal to pay funds owed under a contract."), *aff'd,* 731 F.3d 608 (6th Cir. 2013). A plaintiff pleading conversion must plead the breach of a duty

3

separate from that created by the contract. *See Highman*, 2020 WL 6204344, at *4; *Plus Mgmt. Servs., Inc. v. Liberty Healthcare Corp.*, — N.E.3d —, 2024-Ohio-3127, ¶ 26, 2024 WL 3840796, at *5 (Ohio App., 2d Dist., Aug. 16, 2024). The plaintiff also must plead and prove damages caused by the alleged conversion separate and apart from the breach of contract. *Plus Mgmt. Servs.*, 2024-Ohio-3127, ¶ 27, 2024 WL 3840796, at *5. Washington Marine fails to plead breach of duty or damages separate from the breach of contract, so his conversion claim fails as a matter of law.

The civil theft claim fails for the same reason. No civil action for theft exists if the theft is premised upon a breach of contract. *STE Invs., LLC v. Macprep, Ltd.*, No. OT-21-036, 2022-Ohio-2614, 2022 WL 3011012, at *9 (Ohio App. 6th Dist. July 29, 2022); *Wildcat Drilling, LLC v. Discovery Oil and Gas, LLC*, 2018-Ohio-4015, 121 N.E.3d 65, 72 (Ohio App. 7th Dist. 2018), *rev'd and remanded on other grounds,* 164 Ohio St. 3d 480, 2020-Ohio-6821, 173 N.E.3d 1156 (2020). The alleged theft here is the failure to pay for parts and labor supplied by Washington Marine. (Doc. 4 at PageID 91.) The parts and labor, however, were the subject of the contract between the parties as evidenced by the invoice attached to Washington Marine's Complaint. (Doc. 4 at PageID 93–95.) Therefore, the breach of contract claim also fails as a matter of law.

**III.    REMAND**

Dr. Kunz's Partial Motion to Dismiss the conversion and civil theft claims against him was pending in state court when he removed the action to federal court. It is troubling that Dr. Kunz removed the case because Washington Marine asserted that it was entitled to treble damages under the Ohio civil theft statute after Dr. Kunz already had argued that the civil theft claim fails as a matter of law. The Court has determined that the conversion and civil theft claims asserted in the Complaint do not state claims upon which relief can be granted. Without

the treble damages provision of the Ohio civil theft statute, the amount in controversy between the parties is the amount sought under the contract, approximately $33,180.39.  In fact, Plaintiff only sought damages "in an amount more than $25,000" in the Complaint.  (Doc. 4 at PageID 91.)  The Court lacks diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the actual amount in controversy did not exceed $75,000 even at the time of filing.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The Court will remand this action to the Hamilton County, Ohio Court of Common Pleas.

## IV.     CONCLUSION

For the reasons stated above, Defendant's Partial Motion to Dismiss (Doc. 1-3 at PageID 22–28) is **GRANTED**.  Plaintiff's conversion and civil theft claims are **DISMISSED**.  The Clerk of Court is **ORDERED TO REMAND** this action to the Hamilton County, Ohio Court of Common Pleas.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott  
Susan J. Dlott  
United States District Judge